**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE:

| | | |
|---|---|---|
| BRANDON ELLINGTON, | ) | |
| a/k/a BRANDON ELLINGTON | ) | |
| CONSULTING, | ) | |
| | ) | |
| LINCOLN CROSSING TOWNHOME | ) | Case Number: 16-34213 |
| ASSOCIATION, LTD., | ) | Judge Jacqueline P. Cox |
| an Illinois Not-For-Profit Corporation, | ) | Bankruptcy - Chapter 13 |
| | ) | |
| Creditor, | ) | |
| v. | ) | |
| | ) | |
| BRANDON ELLINGTON, | ) | |
| a/k/a BRANDON ELLINGTON CONSULTING, | ) | |
| Debtor. | ) | |

### NOTICE OF MOTION

*TO:*   *See Attached Service List*

On December 19, 2016 at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Jacqueline P. Cox, or any judge sitting in her stead, in Room 680 of the Everett McKinley Dirksen United Stated Courthouse, 219 S. Dearborn, Chicago, IL 60604, and then and there present the attached *Secured Creditor Lincoln Crossing Townhome Association, Ltd.'s Motion for Dismissal with 180-Day Bar to Refiling or in the alternative, for Relief from Stay.*

CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/JONATHAN D. WASSELL
DAMON M. FISCH
KEOUGH AND MOODY, P.C.
Attorney Number 06283567
Attorney for Creditor
114 East Van Buren Avenue
Naperville, IL 60540
(630) 369-2700


____/s/ Dawn L. Moody_____
Attorneys for Creditor

### PROOF OF SERVICE

I, DAWN L. MOODY, an attorney, on oath state, I served this Notice and Motion for Dismissal with 180-Day Bar to Refiling or in the alternative, for Relief from Stay to the persons named on the service list via the method listed at or before 4:00 p.m. on December 12, 2016.

_____/s/ Dawn L. Moody_____

**KEOUGH & MOODY COLLECTS DEBTS FOR ASSOCIATIONS.  ANY AND ALL INFORMATION**
**OBTAINED CAN AND WILL BE USED FOR THIS PURPOSE.**

## **SERVICE LIST**

1.      Brandon Ellington a/k/a Brandon Ellington Consulting - via regular mail
        22443 Tyler Drive
        Richton Park, IL 60471

2.      Tom Vaughn - via regular mail and CM/ECF
        55 E. Monroe, Suite 3850
        Chicago, IL 60603

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE:

|                                                |     |                              |
| ---------------------------------------------- | --- | ---------------------------- |
| BRANDON ELLINGTON,                             | )   |                              |
| a/k/a BRANDON ELLINGTON                        | )   |                              |
| CONSULTING,                                    | )   |                              |
|                                                | )   |                              |
| LINCOLN CROSSING TOWNHOME                      | )   | Case Number: 16-34213        |
| ASSOCIATION, LTD.,                             | )   | Judge Jacqueline P. Cox      |
| an Illinois Not-For-Profit Corporation,        | )   | Bankruptcy - Chapter 13      |
|                                                | )   |                              |
|                              Creditor,         | )   |                              |
|              v.                                | )   |                              |
|                                                | )   |                              |
| BRANDON ELLINGTON,                             | )   |                              |
| a/k/a BRANDON ELLINGTON CONSULTING,            | )   |                              |
|                              Debtor.           | )   |                              |

**SECURED CREDITOR LINCOLN CROSSING TOWNHOME ASSOCIATION, LTD.' S**
**MOTION FOR DISMISSAL WITH 180-DAY BAR TO REFILING OR IN THE**
**ALTERNATIVE, FOR RELIEF FROM STAY**

NOW COMES the Secured Creditor, LINCOLN CROSSING TOWNHOME ASSOCIATION, LTD., by and through its counsel, Charles M. Keough, Dawn L. Moody, Gabriella R. Comstock, Jonathan D. Wassell and Damon M. Fisch of Keough and Moody, P.C. who respectfully prays that this Court dismiss this case pursuant to 11 U.S.C. Sections 109 and/or 349(a) and 105 with a 180-Day Bar to Refiling or in the alternative, for the entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. Section 362(d), and in support thereof states:

(1)     On October 26, 2016, the above captioned Chapter 13 was filed.

(2)     The Debtor, Brandon Ellington is the owner of a unit commonly known as 22443 Tyler Drive, Richton Park, IL 60471.

(3)     The foregoing property is part of the Lincoln Crossing Townhome Association, Ltd. and is subject to the provisions of the Lincoln Crossing Townhome Association Declaration of Party

Wall Rights, Covenants, Conditions, Restrictions and Easements (hereinafter "Declaration"), which was recorded in the Office of the Cook County Recorder of Deeds, and subsequently amended.

(4)   The Association is a party in interest and is secured by virtue of its Declaration.

(5)   Pursuant to the terms of the Declaration, the Debtor is required to make monthly assessment payments to the Creditor in the amount of $195.66.  If assessments are not paid by the 15th day of the month in which they are due, a late charge in the amount of $25.00 is assessed to the account.

(6)   Pursuant to the terms of the Declaration, the Debtor is required to pay all expenses connected with proceedings to collect unpaid assessments and enforce the Declaration terms.  These amounts are assessed to the Debtor and deemed a part of the Common Expenses.

(7)   The Debtor has failed to make current monthly assessment payments to the Creditor in conformity with the Declaration since prior to the filing of this bankruptcy action.  Since September, 2008, Debtor has made only a handful of assessment payments to Creditor.  Attached hereto is a true and accurate statement of account.

(8)   As of December 6, 2016, the amount due to the Creditor for assessments, late fees, special assessments, attorney's fees and violations is $32,354.02.

(9)   Debtor has filed five (5) prior bankruptcy actions since April, 2014: 14-13463, 14-30843, 15-20802, 15-38163 and 16-27416.  With the exception of case number 15-38163, in which the Debtor received a discharge in a converted Chapter 7 case, prior bankruptcy actions were dismissed on the Trustee's Motion.

(10)   Plaintiff filed a forcible entry and detainer action against Debtor under case number 13 M1 709080.  This action was scheduled to be before the Court on April 12, 2016 for trial.

(11)    On April 12, 2016, an Agreed Order was entered in rem in the amount of $18,300.72 for unpaid assessments, $5,000.00 for attorney's fees and $1,415.58 for court costs. Judgment was entered in personam in the amount of $691.10 for unpaid assessments, $1,000.00 for attorney's fees and $284.14 for court costs.  The forcible judgment stay expired on July 11, 2016.  Attached is a true and accurate copy of the Agreed Order.

(12)    Debtor filed four Motions to stay enforcement of the agreed order in State Court, which were before the Court on July 20, 2016, August 3, 2016, August 15, 2016 and August 25, 2016. Debtor was barred by the Court on August 25, 2016 from filing any additional Motions to Stay in State Court.  Attached is a true and accurate copy of the Order.

(13)    In an effort to continue to avoid Plaintiff's collection efforts and in bad faith, Debtor filed this, his sixth bankruptcy, immediately after his fifth bankruptcy (16-27416) was dismissed by the Court on the Trustee's Motion.

(14)    Creditor asserts that all such bankruptcy actions have been filed in bad faith in an attempt to delay and hinder the Creditor from collecting on its debt.

(15)    Debtor's history of serial filing without a change of circumstance and the Debtor's failure to comply with this provisions of the Bankruptcy Code in any of his past filings evidences bad faith and an abuse of the provisions, purposes, and spirit of the Bankruptcy Code.

(16)    Pursuant to the decisions of the United States Court of Appeals for the Seventh Circuit, filing of a Chapter 13 petition in bad faith constitutes grounds for dismissal "for cause."  See In the Matter of Love, 957 F.2d 1350, 1354 (7th Cir. 1992).

(17)    Per  11 U.S.C. Sections 349(a) and 105, this Court has the discretion to make dismissal of Debtor's case a dismissal with prejudice and with a 180-Bar to subsequent refilings.  A finding of bad faith and improper filing by this Court is good and sufficient cause for so ruling.

(18)   Per 11 U.S.C. 109, this Court has the discretion to dismissal of Debtor's case with a 180-Bar to subsequent refilings.  A finding of bad faith and that the Debtor has failed to properly prosecute his cases by this Court is good and sufficient cause for so ruling.

(19)   The filing of a sixth bankruptcy petition where Debtor has failed to meet the requirements of prior Chapter 13 filings, forcing Creditor to again delay its collection efforts is evidence that this bankruptcy filing was undertaken for an improper purpose without actual ability to reorganize.

(20)   The Creditor continues to lack adequate protection due to the Debtor's failure to make regular, current monthly payments to the Creditor for the **past seven (7) years** and his failure to schedule the Association's debt for repayment in this Chapter 13 plan.

(21)   Debtor's failure to make assessment payments jeopardizes the Creditor's ability to meet its scheduled budget or fund reserves, both of which are essential to the maintenance, upkeep, repair and replacement of the common areas as required by the Creditor pursuant to the Declaration recorded in Cook County, Illinois.

(22)   Further delay or the filing of additional bankruptcy actions will cause serious harm to Creditor, a small, common interest community association, as it will incur additional attorney's fees and costs in addressing this debt, which has been accumulating over the past seven (7) years and no remedy other than a bar to re-filing will protect Creditor from his harm.

(23)   That sufficient grounds exist to dismiss Debtor's case for cause pursuant to 11 U.S.C. Section 1307, including: Debtor's material default, Debtor's plan has been proposed in bad faith and does not include repayment of Creditor's pre-petition Debt and there has been no change in circumstances since the dismissal of Debtor's prior cases.

(24)    That sufficient grounds exist for said dismissal to be with a 180-Day Bar to Refiling pursuant to 11 U.S.C.  Sections 1109 and/or 349(a) and 105 as Debtor's plan is proposed in bad faith and the filing of his sixth bankruptcy petition since April 2014.

(25)    Creditor will continue to suffer severe harm if Debtor is not barred from refiling.

(26)    In the alternative, sufficient grounds exist to grant the Creditor relief from the stay pursuant to Section 11 U.S.C. Section 362 for cause.

(27)    For the reasons set forth above, it would be inequitable to delay the enforcement of any order granting relief from the automatic stay with respect to the Creditor; therefore, Bankruptcy Rule 4001(a)(3) should be waived.

WHEREFORE, Creditor, LINCOLN CROSSING TOWNHOME ASSOCIATION, LTD., respectfully requests this court to grant its MOTION FOR DISMISSAL WITH 180-DAY BAR TO REFILING OR IN THE ALTERNATIVE, FOR RELIEF FROM STAY, for Bankruptcy Rule 4001(a)(3) be waived, and for any and all further relief this court deems just and proper.

Respectfully Submitted,
LINCOLN  CROSSING  TOWNHOME
ASSOCIATION, LTD.,

By: _____ /s/ Dawn L. Moody _____
     One of its attorneys

CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/JONATHAN D. WASSELL
DAMON M. FISCH
KEOUGH AND MOODY, P.C.
Attorney Number 06283567
Attorney for Creditor
114 East Van Buren Avenue
Naperville, IL 60540
(630) 369-2700

**KEOUGH & MOODY COLLECTS DEBTS FOR ASSOCIATIONS.  ANY AND ALL INFORMATION OBTAINED CAN AND WILL BE USED FOR THIS PURPOSE.**



LINCOLN CROSSINGS TOWNHOME ASSOCIATION
DECLARATION OF PARTY WALL RIGHTS,
COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS.

91571243

$44

The undersigned, Michael P. Hryn  and John Hryn
(hereafter called Developer)  and South Holland Bank
and Trust; being the owner of the real estate with
in the described real estate  as shown on exhibit A,
and recorded as plat on May 19th 1981 as document
number 26079839 .

As Trustee under trust # 2843  South Holland Bank
and Trust.

(n) Nothing hereinabove contained shall be construed to give the Board authority to conduct an active business for profit on behalf of all owners or any of them.

7. <u>Administration by Owner-Builder</u>. For all intents and purposes, Owner-Builder shall act as Board of Managers de facto until such time as a Board of Managers is duly elected or an Association formed as herein provided, either of which must be in being at the time of sale of the last Unit by Owner-Builder. Until the formation of either, the Owner-Builder shall have the sole right to call a meeting for the purpose of electing a Board of Managers. Such meeting shall then take place until a Board of Managers are elected and shall not be adjourned for any reason. An election of a Board of Managers shall not be construed as anything but an election of such Board, and in no way shall it be interpreted to mean that Owner-Builder is absolved of further performance under contracts with the various purchasers of the Units or of work done or to be done in said Condominium project by Owner-Builder. At such meeting for the election of the first Board of Managers, contract purchasers awaiting the closing of their deals, shall not be entitled to a vote. At such first election, and all subsequent elections, of a Board of Managers, it is a condition that at least one member of the Board of Managers is to be elected from each of the four buildings comprising the condominium project.

### ARTICLE VI

### ASSESSMENTS - MAINTENANCE FUND

1. (a) Each year on or before December 1st, the Board shall estimate the total amount necessary to pay the cost of wages, materials, insurance, services and supplies which will be required during the ensuing calendar year for the rendering of all services, together with a reasonable amount considered by the Board to be necessary for a reserve for contingencies and replacements, and shall on or before December 15th notify each owner in writing as to the amount of such estimate, with reasonable itemization thereof. Said "estimated cash requirement" shall be assessed to the owners according to each owner's percentage of ownership in the common elements as set out in Exhibit "B" attached hereto. On or before January 1st of the ensuing year, and the 1st of each and every month of said year, each owner shall be obligated to pay to the Board as it may direct, 1/12th of the assessment made pursuant to this paragraph. On or before the date of the annual meeting of each calendar year, the Board shall supply to all owners an itemized accounting of the maintenance expenses for the preceding year actually incurred and paid together with a tabulation of the amounts collected pursuant to the estimates provided, and showing the net amount over or short of the actual expenditures plus reserves. Any amount accumulated in excess of the amount required for actual expenses and reserves shall be credited according to each owner's percentage of ownership in the common elements to the next monthly installments due from the owners under the current year's estimate, until exhausted, and any net shortage shall be added according to each owner's percentage of ownership in the common elements to the installments due in the succeeding six months after rendering of the accounting. By a vote of the Owners having at least 3/4ths of the total vote of the Unit Owners, the Board of Managers may require the owners to pay their assessments in advance on a quarterly basis rather than on a monthly basis, to simplify accounting procedures.

(b) The Board shall build up and maintain a reasonable reserve for contingencies and replacements. Extraordinary expenditures not originally

included in the annual estimate which may become necessary during the year, shall be charged first against such reserve. If said "estimated cash requirement" proves inadequate for any reason, including non-payment of any owner's assessment, the Board may at any time levy a further assessment which shall be assessed to the owners according to each owner's percentage of ownership in the common elements. The Board shall serve notice of such further assessment on all owners by a statement in writing giving the amount and reasons therefor, and such further assessment shall become effective with the monthly maintenance payment which is due no more than ten (10) days after the delivery or mailing of such notice of further assessment. All owners shall be obligated to pay the adjusted monthly amount.

(c) When the Board first elected hereunder takes office, it shall determine the "estimated cash requirement", as hereinabove defined, for the period commencing thirty (30) days after said election and ending on December 31 of the calendar year in which said election occurs. Assessments shall be levied against the owners during said period as provided in paragraph (a) of this Article.

(d) The failure or delay of the Board to prepare or serve the annual or adjusted estimate on the owner shall not constitute a waiver or release in any manner of such owner's obligation to pay the maintenance costs and necessary reserves, as herein provided, whenever the same shall be determined, and in the absence of any annual estimate or adjusted estimate, the owner shall continue to pay the monthly maintenance charge at the then existing monthly rate established for the previous period until the monthly maintenance payment which is due no more than ten (10) days after such new annual or adjusted estimate shall have been mailed or delivered.

(e) The Board shall keep full and correct books of account in chronological order of the receipts and expenditures affecting the common elements, specifying and itemizing the maintenance and repair expenses of the common elements and any other expenses incurred. Such records and the vouchers authorizing the payments shall be available for inspection by any owner or any representative of an owner duly authorized in writing, at such reasonable time or times during normal business hours as may be requested by the owner. Upon ten (10) days' notice to the Board and payment of a reasonable fee, any owner shall be furnished a statement of his account setting forth the amount of any unpaid assessments or other charges due and owing from such owner.

(f) All funds collected hereunder shall be held and expended for the purposes designated herein, and (except for such special assessments as may be levied hereunder against less than all the unit owners and for such adjustments as may be required to reflect delinquent or prepaid assessments) shall be deemed to be held for the benefit, use and account of all the unit owners in the percentages set forth in Exhibit "B".

(g) If an owner is in default in the monthly payment of the aforesaid charges or assessments for thirty (30) days, members of the Board of Managers may bring suit for and on behalf of themselves and as representatives of all owners, to enforce collection thereof or to foreclose the lien therefor as hereinafter provided; and there shall be added to the amount due, the costs of said suit, together with legal interest and reasonable attorney's fees to

- 11 -

be fixed by court.  To the extent permitted by any decision or any statute or law now or hereafter effective, the amount of any delinquent and unpaid charges or assessments, and interest, costs and fees as above provided, shall be and become a lien or charge against the unit ownership of the owner involved when payable and may be foreclosed by an action brought in the names of the Board of Managers as in the case of foreclosure of liens against real estate.  Said lien shall take effect and be in force when and as provided in the "Condominium Property Act" of Illinois; provided, however, that encumbrances owned or held by any Bank, Insurance Company or Savings and Loan Association shall be subject as to priority after written notice to said encumbrancer of unpaid common expenses only to the lien of all common expenses on  the encumbered unit which become due and payable subsequent to the date said encumbrancer either takes possession of the unit, accepts a conveyance of any interest therein, or has a Receiver appointed in a suit to foreclose his lien.  Any encumbrancer may from time to time request in writing a written statement from the Board setting forth the unpaid common expenses with respect to the unit covered by his encumbrance and unless the request shall be complied with within twenty (20) days, all unpaid common expenses which become due prior to the date of the making of such request shall be subordinate to the lien of such encumbrance.

(h)  Amendments to this Article VI shall be effective upon the written consent of the Owners having at least 3/4ths of the total vote of the Unit Owners, and their Mortgagees, and no Owner may waive or otherwise escape liability for the assessments provided for herein by nonuse of the common elements or abandonment of his or her unit.

## ARTICLE VII

## COVENANTS AND RESTRICTIONS AS TO USE AND OCCUPANCY

1.  The units and Common Elements shall be occupied and used as follows:

(a)  No part of the property shall be used for other than housing and the related common purposes for which the property was designed.  Each unit shall be used as a residence for a single family and for no other purpose.  It is intended that each unit be capable of being used in the same manner as a single family dwelling that is not a Condominium Unit, subject to the Zoning Ordinances of the Village of Oak Lawn, and that it is inherent thereby to each Unit to enjoy the common and usual incidental use of its Owner or Occupant to maintain therein a study or den which can be used for doing "home work" in connection with his business or occupation, and in that respect, to keep therein files, documents, office supplies and sundry equipment and telephone. It is anticipated that a number of Owners or Occupants will be persons engaged in occupations requiring the use of intellect, among them for instance, doctors, lawyers, teachers, executives, businessmen, engineers, salesmen and office personnel, all required on occasion to do "home work" which can be better done in a study or den than on a kitchen table and, on occasion to receive a visitor or telephone call in connection with business or occupation.  It is not the intention hereby to deprive a Unit Owner or Occupant of a use he would otherwise enjoy in a single family dwelling that is not a Condominium Unit, and such use is hereby granted to such degree as would not constitute a nuisance to the other Owners or Occupants nor be a violation of the Zoning Ordinance of the Village of Oak Lawn.

———

**Lincoln Crossing Townhome Association**

6600 W. College Drive

Suite 207

Palos Heights, IL 60463

708-233-0620

| Due Date | Account Number |
|---|---|
| 12/6/2016 | 1006005201 |

Brandon Ellington

22443 Tyler Drive

Richton Park, IL 60471

RE: 22443 Tyler Drive

Richton Park, IL 60471

## Statement

| Date | Description | Ref# | Charges | Payment | Balance |
|---|---|---|---|---|---|
| Main Account | | | | | |
| 4/1/2012 | Previous Balance | | | | $0.00 |
| 4/30/2012 | Legal Fee | | $625.51 | | $625.51 |
| 4/30/2012 | Late Fee | | $1,263.00 | | $1,888.51 |
| 4/30/2012 | Assessment | | $6,610.54 | | $8,499.05 |
| 5/1/2012 | May 2012 - Assessment | | $126.79 | | $8,625.84 |
| 5/16/2012 | Late Fee | | $25.00 | | $8,650.84 |
| 5/31/2012 | Dryer Duct Cleaning | | $50.00 | | $8,700.84 |
| 6/1/2012 | June 2012 - Assessment | | $126.79 | | $8,827.63 |
| 6/16/2012 | Late Fee | | $25.00 | | $8,852.63 |
| 6/20/2012 | Payment | 0000002040 | | ($135.00) | $8,717.63 |
| 7/1/2012 | July 2012 - Assessment | | $126.79 | | $8,844.42 |
| 7/16/2012 | Late Fee | | $25.00 | | $8,869.42 |
| 8/1/2012 | August 2012 - Assessment | | $126.79 | | $8,996.21 |
| 8/16/2012 | Late Fee | | $25.00 | | $9,021.21 |
| 9/1/2012 | September 2012 - Assessment | | $126.79 | | $9,148.00 |
| 9/16/2012 | Late Fee | | $25.00 | | $9,173.00 |
| 9/27/2012 | Legal Fee - Foreclosure Monitoring | 72706 | $265.00 | | $9,438.00 |
| 10/1/2012 | October 2012 - Assessment | | $126.79 | | $9,564.79 |
| 12/6/2016 | Continued on Next Page | | | | |

Brandon Ellington
22443 Tyler Drive
Richton Park, IL 60471

| Due Date | Account Number |
| --- | --- |
| 12/6/2016 | 1006005201 |

| Date | Description | Ref# | Charges | Payment | Balance |
| --- | --- | --- | --- | --- | --- |
| 10/16/2012 | Late Fee | | $25.00 | | $9,589.79 |
| 10/25/2012 | Payment | 0000001008 | | ($126.79) | $9,463.00 |
| 11/1/2012 | November 2012 - Assessment | | $126.79 | | $9,589.79 |
| 11/13/2012 | Dryer Vent Late Fee | | $25.00 | | $9,614.79 |
| 11/16/2012 | Late Fee | | $25.00 | | $9,639.79 |
| 12/1/2012 | December 2012 - Assessment | | $126.79 | | $9,766.58 |
| 12/17/2012 | Late Fee | | $25.00 | | $9,791.58 |
| 12/28/2012 | Legal Fee - Statutory Demand Notice | 81684 | $200.00 | | $9,991.58 |
| 1/1/2013 | January 2013 - 2013 Special Assessment | | $55.32 | | $10,046.90 |
| 1/1/2013 | January 2013 - 2013 Assessment | | $145.81 | | $10,192.71 |
| 1/17/2013 | Late Fee | | $25.00 | | $10,217.71 |
| 2/1/2013 | February 2013 - 2013 Special Assessment | | $55.32 | | $10,273.03 |
| 2/1/2013 | February 2013 - 2013 Assessment | | $145.81 | | $10,418.84 |
| 2/17/2013 | Late Fee | | $25.00 | | $10,443.84 |
| 3/1/2013 | March 2013 - 2013 Special Assessment | | $55.32 | | $10,499.16 |
| 3/1/2013 | March 2013 - 2013 Assessment | | $145.81 | | $10,644.97 |
| 4/1/2013 | April 2013 - 2013 Special Assessment | | $55.32 | | $10,700.29 |
| 4/1/2013 | April 2013 - 2013 Assessment | | $145.81 | | $10,846.10 |
| 4/16/2013 | Late Fee | | $25.00 | | $10,871.10 |
| 4/17/2013 | Late Fee | | $25.00 | | $10,896.10 |
| 5/1/2013 | May 2013 - 2013 Special Assessment | | $55.32 | | $10,951.42 |
| 5/1/2013 | May 2013 - 2013 Assessment | | $145.81 | | $11,097.23 |
| 5/9/2013 | Legal Fee - FED Complaint | 93819 | $1,342.00 | | $12,439.23 |
| 5/16/2013 | Late Fee | | $25.00 | | $12,464.23 |
| 6/1/2013 | June 2013 - 2013 Special Assessment | | $55.32 | | $12,519.55 |
| 6/1/2013 | June 2013 - 2013 Assessment | | $145.81 | | $12,665.36 |
| 6/13/2013 | Legal Fee - Alias Summons | 96416 | $6.00 | | $12,671.36 |
| 6/16/2013 | Late Fee | | $25.00 | | $12,696.36 |
| 7/1/2013 | July 2013 - 2013 Special Assessment | | $55.32 | | $12,751.68 |
| 7/1/2013 | July 2013 - 2013 Assessment | | $145.81 | | $12,897.49 |
| 7/16/2013 | Late Fee | | $25.00 | | $12,922.49 |
| 12/6/2016 | Continued on Next Page | | | | |

Brandon Ellington
22443 Tyler Drive
Richton Park, IL 60471

| Due Date | Account Number |
|---|---|
| 12/6/2016 | 1006005201 |

| Date | Description | Ref# | Charges | Payment | Balance |
|---|---|---|---|---|---|
| 7/31/2013 | Legal Fee | 100167 | $21.95 | | $12,944.44 |
| 8/1/2013 | August 2013 - 2013 Special Assessment | | $55.32 | | $12,999.76 |
| 8/1/2013 | August 2013 - 2013 Assessment | | $145.81 | | $13,145.57 |
| 8/16/2013 | Late Fee | | $25.00 | | $13,170.57 |
| 9/1/2013 | September 2013 - 2013 Special Assessment | | $55.32 | | $13,225.89 |
| 9/1/2013 | September 2013 - 2013 Assessment | | $145.81 | | $13,371.70 |
| 9/11/2013 | Legal Fee - Filing fees Alias Summons | 101964 | $21.95 | | $13,393.65 |
| 9/17/2013 | Late Fee | | $25.00 | | $13,418.65 |
| 10/1/2013 | October 2013 - 2013 Special Assessment | | $55.32 | | $13,473.97 |
| 10/1/2013 | October 2013 - 2013 Assessment | | $145.81 | | $13,619.78 |
| 10/1/2013 | Dryer Vent Cleaning | | $50.00 | | $13,669.78 |
| 10/16/2013 | Legal Fee - Filing fees | 104554 | $186.00 | | $13,855.78 |
| 11/1/2013 | November 2013 - 2013 Special Assessment | | $55.32 | | $13,911.10 |
| 11/1/2013 | November 2013 - 2013 Assessment | | $145.81 | | $14,056.91 |
| 11/16/2013 | Late Fee | | $25.00 | | $14,081.91 |
| 12/1/2013 | December 2013 - 2013 Special Assessment | | $55.32 | | $14,137.23 |
| 12/1/2013 | December 2013 - 2013 Assessment | | $145.81 | | $14,283.04 |
| 12/16/2013 | Late Fee | | $25.00 | | $14,308.04 |
| 12/31/2013 | Legal Fee - Motion to vacate; corresp re: expiration of stay | 109797 | $746.30 | | $15,054.34 |
| 1/1/2014 | January 2014 - Special Assessment | | $55.32 | | $15,109.66 |
| 1/1/2014 | January 2014 - Assessment | | $163.89 | | $15,273.55 |
| 1/16/2014 | Late Fee | | $25.00 | | $15,298.55 |
| 1/31/2014 | Legal Fee | 112446 | $760.95 | | $16,059.50 |
| 2/1/2014 | February 2014 - Special Assessment | | $55.32 | | $16,114.82 |
| 2/1/2014 | February 2014 - Assessment | | $163.89 | | $16,278.71 |
| 2/16/2014 | Late Fee | | $25.00 | | $16,303.71 |
| 3/1/2014 | March 2014 - Special Assessment | | $55.32 | | $16,359.03 |
| 3/1/2014 | March 2014 - Assessment | | $163.89 | | $16,522.92 |
| 3/16/2014 | Late Fee | | $25.00 | | $16,547.92 |
| 3/28/2014 | Charge back - EVICTION | 3396 | $252.50 | | $16,800.42 |
| 4/1/2014 | April 2014 - Special Assessment | | $55.32 | | $16,855.74 |
| 12/6/2016 | Continued on Next Page | | | | |

Brandon Ellington
22443 Tyler Drive
Richton Park, IL 60471

| Due Date | Account Number |
| --- | --- |
| 12/6/2016 | 1006005201 |

| Date | Description | Ref# | Charges | Payment | Balance |
| --- | --- | --- | --- | --- | --- |
| 4/1/2014 | April 2014 - Assessment | | $163.89 | | $17,019.63 |
| 4/3/2014 | Charge back -scheduled to meet w owner, no-show | 3412 | $97.50 | | $17,117.13 |
| 4/16/2014 | Late Fee | | $25.00 | | $17,142.13 |
| 4/30/2014 | Legal Fee | 119505 | $402.50 | | $17,544.63 |
| 4/30/2014 | Legal Fee | 118375 | $236.55 | | $17,781.18 |
| 5/1/2014 | May 2014 - Special Assessment | | $55.32 | | $17,836.50 |
| 5/1/2014 | May 2014 - Assessment | | $163.89 | | $18,000.39 |
| 5/16/2014 | Late Fee | | $25.00 | | $18,025.39 |
| 5/31/2014 | Legal Fee | 121128 | $71.25 | | $18,096.64 |
| 5/31/2014 | Legal Fee | 121129 | $468.75 | | $18,565.39 |
| 6/1/2014 | June 2014 - Special Assessment | | $55.32 | | $18,620.71 |
| 6/1/2014 | June 2014 - Assessment | | $163.89 | | $18,784.60 |
| 6/16/2014 | Late Fee | | $25.00 | | $18,809.60 |
| 6/30/2014 | Legal Fee | 123029 | $821.20 | | $19,630.80 |
| 7/1/2014 | July 2014 - Special Assessment | | $55.32 | | $19,686.12 |
| 7/1/2014 | July 2014 - Assessment | | $163.89 | | $19,850.01 |
| 7/16/2014 | Late Fee | | $25.00 | | $19,875.01 |
| 7/31/2014 | Legal Fee | 124563 | $933.05 | | $20,808.06 |
| 8/1/2014 | August 2014 - Special Assessment | | $55.32 | | $20,863.38 |
| 8/1/2014 | August 2014 - Assessment | | $163.89 | | $21,027.27 |
| 8/16/2014 | Late Fee | | $25.00 | | $21,052.27 |
| 8/29/2014 | Legal Fee | 126731 | $141.95 | | $21,194.22 |
| 9/1/2014 | September 2014 - Special Assessment | | $55.32 | | $21,249.54 |
| 9/1/2014 | September 2014 - Assessment | | $163.89 | | $21,413.43 |
| 9/16/2014 | Late Fee | | $25.00 | | $21,438.43 |
| 9/30/2014 | Legal Fee - review documents, contact USBC to determine status of BK | 128514 | $142.50 | | $21,580.93 |
| 10/1/2014 | October 2014 - Special Assessment | | $55.32 | | $21,636.25 |
| 10/1/2014 | October 2014 - Assessment | | $163.89 | | $21,800.14 |
| 10/16/2014 | Late Fee | | $25.00 | | $21,825.14 |
| 11/1/2014 | November 2014 - Special Assessment | | $55.32 | | $21,880.46 |
| 12/6/2016 | Continued on Next Page | | | | |

Brandon Ellington

22443 Tyler Drive

Richton Park, IL 60471

| Due Date | Account Number |
|----------|----------------|
| 12/6/2016 | 1006005201 |

| Date | Description | Ref# | Charges | Payment | Balance |
|------|-------------|------|---------|---------|---------|
| 11/1/2014 | November 2014 - Assessment | | $163.89 | | $22,044.35 |
| 11/17/2014 | Late Fee | | $25.00 | | $22,069.35 |
| 12/1/2014 | December 2014 - Special Assessment | | $55.32 | | $22,124.67 |
| 12/1/2014 | December 2014 - Assessment | | $163.89 | | $22,288.56 |
| 12/16/2014 | Late Fee | | $25.00 | | $22,313.56 |
| 12/31/2014 | Legal Fee- Contact USBC to determine results of Trustee's Motion to Dismiss, obtain copy of dismissal, draft and revise corrsp to client re dismissal of BK action | 134274 | $71.25 | | $22,384.81 |
| 12/31/2014 | Legal Fee- perp notice of motion, draft motion to reinstate case, filed w CCC Motion to reinstate, compile file and outline for Motion to reinstate, prep for and attended court | 134275 | $551.19 | | $22,936.00 |
| 1/1/2015 | January 2015 - 2015 Special Assessment | | $55.32 | | $22,991.32 |
| 1/1/2015 | January 2015 - 2015 Assessment | | $170.14 | | $23,161.46 |
| 1/16/2015 | Late Fee | | $25.00 | | $23,186.46 |
| 1/31/2015 | Legal Fee - Filed w the Cook County Clerk Alias Summons | 136492 | $50.95 | | $23,237.41 |
| 2/1/2015 | February 2015 - 2015 Special Assessment | | $55.32 | | $23,292.73 |
| 2/1/2015 | February 2015 - 2015 Assessment | | $170.14 | | $23,462.87 |
| 2/16/2015 | Late Fee | | $25.00 | | $23,487.87 |
| 2/28/2015 | Legal Fee - filing fees; alias summons | 137667 | $21.95 | | $23,509.82 |
| 3/1/2015 | March 2015 - 2015 Special Assessment | | $55.32 | | $23,565.14 |
| 3/1/2015 | March 2015 - 2015 Assessment | | $170.14 | | $23,735.28 |
| 3/16/2015 | Late Fee | | $25.00 | | $23,760.28 |
| 3/31/2015 | Legal Fee - filing fees, alias summons | 139498 | $15.95 | | $23,776.23 |
| 4/1/2015 | April 2015 - 2015 Special Assessment | | $55.32 | | $23,831.55 |
| 4/1/2015 | April 2015 - 2015 Assessment | | $170.14 | | $24,001.69 |
| 4/16/2015 | Late Fee | | $25.00 | | $24,026.69 |
| 4/30/2015 | Legal Fee - rev case history and corresp from defandant re same, conf w GRC re same, draft corresp to client re update and defendant threat | 141676 | $549.95 | | $24,576.64 |
| 5/1/2015 | May 2015 - 2015 Special Assessment | | $55.32 | | $24,631.96 |
| 5/1/2015 | May 2015 - 2015 Assessment | | $170.14 | | $24,802.10 |
| 12/6/2016 | Continued on Next Page | | | | |

Brandon Ellington
22443 Tyler Drive
Richton Park, IL 60471

| Due Date | Account Number |
|---|---|
| 12/6/2016 | 1006005201 |

| Date | Description | Ref# | Charges | Payment | Balance |
|---|---|---|---|---|---|
| 5/16/2015 | Late Fee | | $25.00 | | $24,827.10 |
| 5/31/2015 | Legal Fee - Correspondence to client revised and finalized, telephone conference w/ management re: status of case and review documents re:same, mmo from owner re: amounts due and owing and responed to same, prepared for and appeared | 142365 | $380.25 | | $25,207.35 |
| 6/1/2015 | June 2015 - 2015 Special Assessment | | $55.32 | | $25,262.67 |
| 6/1/2015 | June 2015 - 2015 Assessment | | $170.14 | | $25,432.81 |
| 6/16/2015 | Late Fee | | $25.00 | | $25,457.81 |
| 6/30/2015 | Legal Fee - contact USBC to determine status of BK action, review Debtor's petition and Chapter 13 plan, draft corresp to client re h.o. BK filing | 143934 | $142.50 | | $25,600.31 |
| 6/30/2015 | Legal Fee - review of file and memo from client and revise response to client, review of statement of accnt, notes re amnts due and owing, conf re BK filed by h.o, confirmed same and review of docket | 143935 | $142.50 | | $25,742.81 |
| 7/1/2015 | July 2015 - 2015 Special Assessment | | $55.32 | | $25,798.13 |
| 7/1/2015 | July 2015 - 2015 Assessment | | $170.14 | | $25,968.27 |
| 7/16/2015 | Late Fee | | $25.00 | | $25,993.27 |
| 7/31/2015 | Legal Fee - full review of history of file, notes re same, draft/revise corresp to client | 145654 | $570.00 | | $26,563.27 |
| 8/1/2015 | August 2015 - 2015 Special Assessment | | $55.32 | | $26,618.59 |
| 8/1/2015 | August 2015 - 2015 Assessment | | $170.14 | | $26,788.73 |
| 8/16/2015 | Late Fee | | $25.00 | | $26,813.73 |
| 9/1/2015 | September 2015 - 2015 Special Assessment | | $55.32 | | $26,869.05 |
| 9/1/2015 | September 2015 - 2015 Assessment | | $170.14 | | $27,039.19 |
| 9/17/2015 | Late Fee | | $25.00 | | $27,064.19 |
| 9/30/2015 | Legal Fee - contact USBC to determine results of Trustee's Motion to Dismiss; draft/revise corresp to client re dismissal of BK action | 148902 | $71.25 | | $27,135.44 |
| 10/1/2015 | October 2015 - 2015 Special Assessment | | $55.32 | | $27,190.76 |
| 10/1/2015 | October 2015 - 2015 Assessment | | $170.14 | | $27,360.90 |
| 10/16/2015 | Late Fee | | $25.00 | | $27,385.90 |
| 10/30/2015 | Legal Fee - draft and revise motion to reinstate, filed w the cook county clerk motion to reinstate and notice for same | 150971 | $267.74 | | $27,653.64 |
| 12/6/2016 | Continued on Next Page | | | | |

Brandon Ellington

22443 Tyler Drive

Richton Park, IL 60471

| Due Date | Account Number |
|----------|----------------|
| 12/6/2016 | 1006005201 |

| Date | Description | Ref# | Charges | Payment | Balance |
|------|-------------|------|---------|---------|---------|
| 11/1/2015 | November 2015 - 2015 Special Assessment | | $55.32 | | $27,708.96 |
| 11/1/2015 | November 2015 - 2015 Assessment | | $170.14 | | $27,879.10 |
| 11/17/2015 | Late Fee | | $25.00 | | $27,904.10 |
| 11/30/2015 | Legal Fee - review and revise corresp to client re Chapter 13 filing | 152350 | $142.50 | | $28,046.60 |
| 11/30/2015 | Legal Fee - prep for and appear in court re: Motion to vacate dismissal order and reinstate, corresp to client, filing fees | 152352 | $777.75 | | $28,824.35 |
| 12/1/2015 | December 2015 - 2015 Special Assessment | | $55.32 | | $28,879.67 |
| 12/1/2015 | December 2015 - 2015 Assessment | | $170.14 | | $29,049.81 |
| 12/17/2015 | Late Fee | | $25.00 | | $29,074.81 |
| 12/29/2015 | Lockbox Payment | 0000541140 | | ($226.00) | $28,848.81 |
| 12/31/2015 | Legal Fee - inintial draft of motion for relief from stay, review/revise motion for relief from stay, finalize motion for relief from stay, filing fees | 153439 | $746.00 | | $29,594.81 |
| 1/1/2016 | January 2016 - 2016 Assessment | | $195.66 | | $29,790.47 |
| 1/12/2016 | Lockbox Payment | 0000986468 | | ($195.00) | $29,595.47 |
| 2/1/2016 | February 2016 - 2016 Assessment | | $195.66 | | $29,791.13 |
| 2/9/2016 | Legal Fee - Prep for and appear in Court plus coninuted hearing, correp to Assoc and Owner, | 154865 | $725.00 | | $30,516.13 |
| 2/17/2016 | Late Fee | | $25.00 | | $30,541.13 |
| 2/26/2016 | Lockbox Payment | 0002345699 | | ($221.00) | $30,320.13 |
| 3/1/2016 | March 2016 - 2016 Assessment | | $195.66 | | $30,515.79 |
| 3/8/2016 | Legal Fee - Motion to reinstate and filing fees | 156943 | $350.44 | | $30,866.23 |
| 3/17/2016 | Late Fee | | $25.00 | | $30,891.23 |
| 3/31/2016 | Legal Fee - Appear at court for motion to vacate | 158900 | $401.45 | | $31,292.68 |
| 4/1/2016 | April 2016 - 2016 Assessment | | $195.66 | | $31,488.34 |
| 4/12/2016 | Charge back - Mgmt to retreive records from storage | 126638 | $50.00 | | $31,538.34 |
| 4/12/2016 | Charge back -  Mgmt attendance at trail (based on 3 hours) | 126637 | $200.00 | | $31,738.34 |
| 4/12/2016 | Account Write Off - per Judge at trial | | | ($6,202.85) | $25,535.49 |
| 4/17/2016 | Late Fee | | $25.00 | | $25,560.49 |
| 5/1/2016 | May 2016 - 2016 Assessment | | $195.66 | | $25,756.15 |
| 12/6/2016 | Continued on Next Page | | | | |

Brandon Ellington
22443 Tyler Drive
Richton Park, IL 60471

| Due Date | Account Number |
|----------|----------------|
| 12/6/2016 | 1006005201 |

| Date | Description | Ref# | Charges | Payment | Balance |
|------|-------------|------|---------|---------|---------|
| 5/10/2016 | Legal Fee - Review account statement, dec, and docs to prep for trial, conf w/ witness and defendant, appearance in court for trial, judgement entered | 159967 | $1,532.00 | | $27,288.15 |
| 5/17/2016 | Late Fee | | $25.00 | | $27,313.15 |
| 6/1/2016 | June 2016 - 2016 Assessment | | $195.66 | | $27,508.81 |
| 6/17/2016 | Late Fee | | $25.00 | | $27,533.81 |
| 7/1/2016 | July 2016 - 2016 Assessment | | $195.66 | | $27,729.47 |
| 7/11/2016 | Fine - Satellite Dish on Roof | | $25.00 | | $27,754.47 |
| 7/18/2016 | Late Fee | | $25.00 | | $27,779.47 |
| 8/1/2016 | August 2016 - 2016 Assessment | | $195.66 | | $27,975.13 |
| 8/11/2016 | Legal Fee - Corres. to client re: motion, prep for and attend court, corres re: outcome of court | 164049 | $927.50 | | $28,902.63 |
| 8/17/2016 | Late Fee | | $25.00 | | $28,927.63 |
| 8/31/2016 | Legal Fee - prep for and appear in court, draft corresp to client re addl motion filed by defendant, review motion, prep for and appear in coure re motion, draft corresp re motion outcome, prepf for and appear in court re defendants fourt motion, draft | 165996 | $1,656.25 | | $30,583.88 |
| 8/31/2016 | Legal Fee - review notice of chapter 13 bankruptcy, reveiw petition, draft and revise corresp to client regarding unit owners new bankruptcy action | 165997 | $145.00 | | $30,728.88 |
| 9/1/2016 | September 2016 - 2016 Assessment | | $195.66 | | $30,924.54 |
| 9/17/2016 | Late Fee | | $25.00 | | $30,949.54 |
| 9/30/2016 | Legal Fee - draft and revise motion for relief from stay, required statement and proposed order, finalize and file same w USBC, fwd copies of motion to parties of record | 167507 | $756.00 | | $31,705.54 |
| 10/1/2016 | October 2016 - 2016 Assessment | | $195.66 | | $31,901.20 |
| 10/17/2016 | Late Fee | | $25.00 | | $31,926.20 |
| 10/31/2016 | Legal Fee - eviction, writ for eviction, eviction posting fee | 168556 | $87.50 | | $32,013.70 |
| 10/31/2016 | Legal Fee - review of new BK filing, draft and revise corresp to client | 168555 | $145.00 | | $32,158.70 |
| 11/1/2016 | November 2016 - 2016 Assessment | | $195.66 | | $32,354.36 |
| 11/17/2016 | Late Fee | | $25.00 | | $32,379.36 |
| 12/6/2016 | Continued on Next Page | | | | |

Brandon Ellington
22443 Tyler Drive
Richton Park, IL 60471

| Due Date | Account Number |
|---|---|
| 12/6/2016 | 1006005201 |

| Date | Description | Ref# | Charges | Payment | Balance |
|---|---|---|---|---|---|
| 11/30/2016 | Lockbox Payment | 0000461241 | | ($221.00) | $32,158.36 |
| 12/1/2016 | December 2016 - 2016 Assessment | | $195.66 | | $32,354.02 |
| 12/6/2016 | Current Account Balance | | | | $32,354.02 |

| Coupon # | Account Number | | Date Due | Amount Due |
|---|---|---|---|---|
| 0001 | 1006005201 | | 12/6/2016 | $32,354.02 |

Make check payable to:

**Lincoln Crossing Townhome Association**

*In accordance with the rules of the National Automated Clearing House, information from the check sent with this payment may be used to create an electronic debit to your account. The electronic debit on your statement is valid as proof of payment.*

If RECEIVED After        Pay This Amount
12/15/2016                    $32,379.02

Brandon Ellington
22443 Tyler Drive
Richton Park, IL 60471

Lincoln Crossing Townhome Association
P.O. Box 96663
Las Vegas, NV  89193-6663

6778 00LCTA 0000001006005201 ELLINGTONBRA 323540 2

IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT/FIRST DISTRICT

LINCOLN CROSSING TOWNHOME ASSOCIATION,   )
LTD.,   )
   )
   Plaintiff,   )
   )   Case Number 13 M1 709080
   v.   )
   )
BRANDON C. ELLINGTON, and   )
Any/all Unknown Tenants And/or Occupants,   )
   )
   Defendants.   )

## ~~Agreed~~ ORDER

This cause coming on to be heard upon the Complaint of the Plaintiff, LINCOLN CROSSING TOWNHOME

ASSOCIATION, LTD., and the issues thereof having been heard and determined by the Court and said Court having

found that the Plaintiff LINCOLN CROSSING TOWNHOME ASSOCIATION, LTD. is entitled to the possession of

the premises described herein.

IT IS THEREFORE ORDERED AND ADJUDGED:

(1)   Judgment for possession is entered in favor of the Plaintiff and against the Defendant(s) BRANDON C.

ELLINGTON and Any/All Unknown Tenants and/or Occupants the following described premises:

Name:   **BRANDON C. ELLINGTON and Any/All Unknown Tenants and/or Occupants**
Address:   **22443 Tyler Dr., Unit 3, Richton Park**
State:   **Illinois 60471**

(2)   Enforcement of the Order for Possession is stayed sixty (60) days until ~~June 11, 2016~~ *July 11, 2016*

(3)   Judgment is entered in favor of the Plaintiff and *in rem* against the subject property in the amount of **$18,300.72**
for unpaid assessments plus ~~$6,415.05~~ for attorney's fees and **$1,415.58** for costs of suit and charges in their
behalf expended.   **$5,000.00**

(4)   Judgment is entered in favor of the Plaintiff and *in personam* against the Defendant, BRANDON C.
ELLINGTON, in the amount of **$691.10** for unpaid assessments plus ~~$1,415.05~~ for attorney's fees and **$284.14**
for costs of suit and charges in their behalf expended.   **$1,000.00**

(5)   **The Sheriff of Cook County is hereby directed to evict the named defendants upon the expiration of the
stay on enforcement of this Order for Possession.**

(6)   This action is brought pursuant to 735 ILCS 5/9-104.2. Therefore, this Judgment and Order for Possession are
exempt from the terms of 735 ILCS 5/9-117, **and do not expire.**

I hereby certify the above to be correct.

DATE ENTERED: APRIL 12, 2016

*Judge Deborah J. Gubin*

Dated: _____   ENTER: _____
(Seal of the Clerk of Circuit Court)   Judge _____ Judge's No. _____

Keough & Moody, P.C. - Atty No. 44996
Clerk of the Circuit Court of Cook County, Illinois
This order is the command of the Circuit Court and
violation thereof is subject to the penalty of law.
IRS, Ch. 45, Sec. 32, Ch. 57, Sec 13 (1979)

Gabriella R. Comstock
Attorney for Plaintiff
1250 E. Diehl Road, Suite 405
Naperville, Illinois 60563
(630) 245-5081
grc@kmlegal.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Lincoln Crossing Townhome Association

v.                                    No. 13 M1 709080

Brandon C. Ellington, et al.

**ORDER**

This Matter coming before the Court on Defendant's Motion filed on August 15, 2016, the Court being fully advised in the premises, it is hereby ordered as follows:

1) Defendant's Motion filed on August 15, 2016 is Stricken for lack of Jurisdiction

2) Defendant is barred from bringing any further Motions in this Matter. Defendant may be Sanctioned should he file any further Motion(s).

Atty. No.: 44996

Name: Keough + Moody, P.C.

Atty. for: ∏

Address: 1250 E. Diehl, #405

City/State/Zip: Naperville, IL 60563

Telephone: 630-369-2700

**ENTERED:**

Dated: _____,

Judge          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY